**In re: Lawrence V. WILDER, Petitioner.**

**Misc. No. 864.**

United States Court of Appeals, Federal Circuit.

Jan. 11, 2008.

Lawrence V. Wilder, pro se.

Before MICHEL, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

Lawrence V. Wilder petitions for a writ of mandamus directing the Merit Systems Protection Board to docket his appeal. Wilder also moves (1) to supplement his petition to include an August 28, 2007 let-

ter from the Board's Washington, DC Regional Office (RO) and (2) for leave to proceed in forma pauperis.

Wilder filed a disability retirement claim with Office of Personnel Management (OPM). On August 20, 2007, OPM notified Wilder that his disability retirement claim had been approved and that if he disagreed with OPM's disability retirement calculation he should move for reconsideration. OPM notified Wilder that it would issue a final decision after reconsideration is requested and that Wilder could not file an appeal at the Board until OPM issued a final decision. Wilder attaches a document that requested reconsideration by OPM.

Wilder filed an appeal that was received by the Board on August 27, 2007. On that same date, the Chief Administrative Judge of the Board's Northeastern RO informed Wilder that his appeal was premature because OPM had not issued a decision on a motion for reconsideration. On September 6, 2007, Wilder filed a "Request for Review of Initial Decision" with the Office of the Clerk of the Board. The Acting Clerk of the Board informed Wilder that his appeal was premature and that it would not act on his September 6 submission. According to Wilder, OPM issued a final decision on September 13, 2007. Wilder now files this petition for a writ of mandamus.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Wilder has not met his burden of establishing mandamus. First, Wilder makes no arguments concerning how either the Chief Administrative Judge or the Board erred. Thus, Wilder has not shown a clear abuse of discretion. Second, Wilder has not shown why he could not obtain review of OPM's determination by filing a petition with the Board after OPM issued its final decision. *See Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

(1) Wilder's petition is denied.

(2) Wilder's motions to supplement the record and for leave to proceed in forma pauperis are granted.